Allicia PHILLIPS, Petitioner–
Appellant,

v.

Gwendolyn MITCHELL, Warden,
Respondent–Appellee.

No. 04–56411.

D.C. No. CV 02–08137–CBM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided June 2, 2006.

Allicia Phillips, pro se.

Alissa Sawano Peterson, Irvine, CA, for
Petitioner–Appellant.

Laura H. Steuch, Deputy Attoreney
General, Donald E. De Nicola, Los Ange-
les, CA, for Respondent–Appellee.

Before REINHARDT and
RAWLINSON, Circuit Judges, and
FOGEL, District Judge.*

MEMORANDUM **

Petitioner–Appellant Allicia Phillips
("Phillips") appeals the district court's de-
nial of her petition for writ of habeas
corpus, brought under 28 U.S.C. § 2254.
Following the district court's denial of
Phillips' motion for a certificate of appeala-
bility ("COA"), we granted a COA under
28 U.S.C. § 2253(c)(3) with respect to the
issue of whether trial counsel's failure to
seek suppression of the fruits of the war-
rantless search of Phillips' backyard violat-
ed her Sixth Amendment right to effective
assistance of counsel. We have jurisdic-

---

* The Honorable Jeremy Fogel, United States
District Judge for the Northern District of
California, sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited by or to the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

tion pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we affirm the judgment.

We review *de novo* a district court's denial of a petition for writ of habeas corpus. *Earp v. Stokes,* 423 F.3d 1024, 1031 (9th Cir.2005). Because the petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief may be granted only if the state courts' denial of Phillips' claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *see also Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.2000).

The standards relevant to Phillips' claim are set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), holding that a petitioner asserting ineffective assistance of counsel must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the petitioner of a fair trial. *Id.* at 687, 104 S.Ct. 2052. In order to demonstrate deficient performance, the petitioner must show that counsel made errors so serious that representation fell below an objective standard of reasonableness. *Id.* at 687–88, 104 S.Ct. 2052. In order to demonstrate prejudice when the alleged deficiency was the failure to file a motion to suppress evidence, the petitioner must show that the motion would have been meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence. *Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).

Phillips argues that the record demonstrates that her mother, Lenora Edwards ("Lenora"), lacked capacity to consent to the canine search that resulted in the discovery of the body of Phillips' stepfather, James Edwards ("James"), and that trial counsel would have learned as much had he investigated the circumstances of the search. Phillips argues that counsel's failure to investigate constituted deficient performance, and that had he conducted even a minimal investigation he could have filed a successful motion to suppress the fruits of the search based upon Lenora's lack of capacity to consent. Finally, Phillips argues that in the event we are not persuaded that the current record establishes deficient performance, we should remand the matter to the district court for an evidentiary hearing.

The record before us is almost completely undeveloped as to Lenora's capacity to consent to the search, what investigation (if any) trial counsel conducted regarding the circumstances of the search, and the reasons for trial counsel's failure to challenge the search by means of a motion to suppress. However, we need not determine the propriety of remand for an evidentiary hearing on these issues, because even assuming without deciding that counsel's performance was deficient, Phillips was not prejudiced by that deficiency.

In order to establish prejudice, Phillips must demonstrate that a motion to suppress the fruits of the search was meritorious. However, the exclusionary rule does not apply when the evidence in question inevitably would have been discovered absent police error or misconduct. *Nix v. Williams,* 467 U.S. 431, 448, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). We have no difficulty concluding that James' body inevitably would have been discovered even absent Lenora's consent to the canine search.

The day after Phillips reported James missing, the police received two anonymous telephone calls advising them that a dead body was buried in the backyard of the home Phillips shared with Lenora and James. Phillips consented to a search of the home, including the backyard, and during that search a detective observed what appeared to be freshly dug or disturbed earth in the backyard. The police returned to the station to arrange for a canine search of the premises, and while those arrangements were being made Phillips called the police station and told other officers that James no longer was missing and that the search should be called off. The detectives arranging the canine search attempted to return Phillips' call, but could not reach her. The police then returned to the home with the dogs and obtained Lenora's consent to the canine search, at which time James' body was discovered shallowly buried in the area of the backyard previously observed to have been disturbed.

Given the fact that James had been reported missing, the anonymous tips that a body was buried in the backyard of the home, the detective's personal observation of disturbed earth in the backyard, and Phillips' rather bizarre telephonic claim that James was no longer missing, the police clearly would have continued their investigation, would have learned that the victim was still missing, and inevitably would have discovered the body.

Phillips cites a number of our decisions for the proposition that the inevitable discovery doctrine will not be applied to excuse a warrantless search simply because the police had probable cause and could have obtained a warrant. *See United States v. Reilly*, 224 F.3d 986 (9th Cir. 2000); *United States v. Mejia*, 69 F.3d 309 (9th Cir.1995); *United States v. Echegoyen*, 799 F.2d 1271 (9th Cir.1986). Those cases are factually and legally distinguish-

able. In *Reilly* and *Mejia*, the police clearly violated the suspects' constitutional rights in obtaining consent to search, and we declined admit the tainted evidence under the inevitable discovery doctrine simply because a search warrant arguably could have been obtained. *Reilly*, 224 F.3d at 994–95; *Mejia*, 69 F.3d at 320. In *Reilly* and *Echegoyen*, we noted that the inevitable discovery doctrine applies only when the facts making discovery inevitable are independent of those brought to light by the illegal search itself. *Reilly*, 224 F.3d at 995; *Echegoyen*, 799 F.2d at 1280 n. 7.

In the instant case, had they not entered the yard when they did, the police unquestionably would have pursued the investigation until it reached a successful conclusion, culminating in the lawful discovery of the body from the Edwards's back yard. The evidence upon which the police acted and upon which they would have continued to act was, and would have been, obtained independent of the canine search.

Accordingly, we conclude that the state courts' denial of Phillips' claim of ineffective assistance of trial counsel was not contrary to or an unreasonable application of *Strickland*.

AFFIRMED.

RAWLINSON, Circuit Judge, concurring.

I concur in the result.